513 So.2d 1101 (1987)
Robert E. BATEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 86-168.
District Court of Appeal of Florida, Second District.
October 14, 1987.
James Marion Moorman, Public Defender and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Robert Bateman appeals the denial of his motion to suppress cocaine, found in his desk drawer at G. Pierce Wood Memorial Hospital in Arcadia, Florida, where he had been employed for nineteen years. Following the denial of his motion, Bateman pled nolo contendere to possession of cocaine, specifically reserving his right to appeal the court's ruling. He was sentenced to two years probation. He contends that the search was illegal because it was conducted without a warrant and contrary to regulations of the hospital. We agree and reverse.
In October of 1984, a security guard at the G. Pierce Wood Hospital, a facility operated by the Department of Health and *1102 Rehabilitative Services (HRS), smelled what he believed to be marijuana coming from the offices of Bateman. Eight months later, the guard mentioned this incident to an undercover sheriff's deputy hired by the Department as an investigator. The two men decided to search the area. They used a pass key to get into the library and from there into Bateman's suite where they searched the locked file cabinets. In a vacuum cleaner bag found in a bathroom closet adjacent to Bateman's office they discovered a green leafy substance and seeds. (This was later determined not to be marijuana.) The two then opened his desk drawer to get an envelope to hold the substance and found a prescription bottle with Bateman's name on it dated approximately two years earlier. The deputy opened the bottle, found prescription medicine and a foil packet. He opened the packet and discovered the cocaine.
The United States Supreme Court has recently recognized that a public employee may have a reasonable expectation of privacy in his desk or file cabinets. See O'Connor v. Ortega, ___ U.S. ___, 107 S.Ct. 1492, 94 L.Ed.2d 714 (1987). It has also long been recognized that warrantless searches are per se unreasonable. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). The trial court denied the motion to suppress, because Bateman had consented to the search by accepting employment with HRS.
In Ortega, the court clearly states that individuals do not forfeit Fourth Amendment rights merely by working for the government rather than for private employers. ___ U.S. at ___, 107 S.Ct. 1498, 94 L.Ed.2d at 723. The HRS regulations outline distinct criteria which were not met in this search. In the employee handbook issued to the appellant which was introduced as evidence, the Department reserved the right "to make inspections of employees' personal property on departmental premises when there is reasonable cause to believe such items might serve to conceal contraband" (emphasis added). This rule also states that a refusal to cooperate with such searches would be considered insubordination.
HRS Regulation No. 0-95-1 is even more specific. It specifies that searches of areas dedicated to the use of particular persons shall be predicated upon a finding of reasonable cause. Subsection (a)(1) defines reasonable cause as that which would lead a person of reasonable prudence and knowledge to believe that contraband is located upon the person or in the area to be searched. Subsection (a)(2) specifies that the finding of reasonable cause must be made by the individual with ultimate authority over the facility at the time the finding is made, or by a designee delegated this responsibility in writing. Subsection (a)(3) requires that before the area is searched the individual in control of the area must be expressly asked to "volunteer" to the search and informed of the consequences of failure to allow the search  including disciplinary action and "possible referral for criminal action."
The violation of Bateman's rights in this case is more egregious because the official initiating and conducting the search was also a law enforcement officer familiar with the necessity of obtaining a warrant. There were no exigent circumstances whatsoever to justify the failure of the officer to obtain a search warrant. In Ortega, the court permitted public employers to adopt a standard of reasonable cause to justify searches on public property because such employers, unlike law enforcement officers, are not trained "in the complexities of probable cause." ___ U.S. at ___, 107 S.Ct. at 1502, 94 L.Ed.2d at 728.
Although Ortega indicates that a public employee's expectation of privacy in an office, desk or file cabinet may be reduced by actual practices or legitimate regulation, nothing in the record indicates that actual practices reduced Bateman's expectation of privacy in the pill bottle in his desk drawer. He had not shared an office or a desk with anyone else during his nineteen year tenure at HRS. The regulations clearly specify a standard of reasonable cause and outline procedures assuring certain protections, none of which were observed *1103 in this case. We find that acquiescence by Bateman to the regulations does not constitute an unconditional waiver of his constitutional rights.
We therefore reverse the judgment and sentence, and remand for further proceedings consistent with this opinion.
DANAHY, C.J., and FRANK, J., concur.